# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNIVERSAL BEAUTY PRODUCTS, INC.,** | Civil Action No: _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **BRAIDMASTERS INTL. and THE GOODNESS GROUP, LLC** | |
| Defendants. | |

## COMPLAINT

Plaintiff Universal Beauty Products, Inc., for its Complaint against Defendants, alleges as follows:

## THE PARTIES

1. Plaintiff Universal Beauty Products, Inc. ("Universal Beauty") is a corporation organized under the laws of the State of Illinois with its principal place of business located at 500 Wall St., Glendale Heights, IL.

2. On information and belief, Braidmasters Intl. is a business entity of unknown structure with business addresses of 1133 Cleveland Ave, Atlanta, GA 30344 and 114 Bethea Rd, Ste 414, Fayetteville, GA 30214.

3. On information and belief, The Goodness Group, LLC is a limited liability company organized under the laws of the State of Georgia with its principal place of business located at 2458 Ben Hill Road, Atlanta, GA 30344.

4. The BRAIDMASTERS name used by Defendant Braidmasters and/or The Goodness Group is owned by The Goodness Group.

5. On information and belief, Defendant Braidmasters is a subsidiary, d/b/a, or other related entity of Defendant The Goodness Group; the two are referred to collectively hereafter as Defendants.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement, counterfeiting, and unfair competition under the Lanham Act, as well as related claims.

7. This Court has original subject matter jurisdiction over the claims in this action under 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants because both Defendants purposefully directed their infringing activity toward the State of Illinois as outlined below.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 at least because a substantial part of the events or omissions giving rise to Universal Beauty's claims occurred in this District.

## BACKGROUND

10. Universal Beauty is the owner, by way of assignment, of U.S. Trademark Registration Nos. 2,664,840 and 4,102,468 for the wordmark "JAMAICAN MANGO & LIME" (collectively the "JML Marks") as a typed drawing and in standard characters, respectively. Both JML Marks are registered in international class 003 and state a first use of November 5, 2001 and a first use in commerce of November 30, 2001. Registration No. 2,664,840 is registered on the supplemental register and Registration No. 4,102,468 is registered on the principal register.

11. True and correct copies of the Registration Nos. 2,664,840 and 4,102,468 are attached hereto as Exhibit A and incorporated herein in their entirety.

12. Universal Beauty sells various products under the JML Marks including various hair care products such as braid locking gels and waxes as well as scalp treatments.

13. Universal Beauty sells products under the JML Marks through its website (www.jamaicanmangolime.com), through various "brick and mortar" retailers (including Target and Sally Beauty), and through online retailers such as Walmart.com, Amazon.com, and the websites of its "brick and mortar" retailers.

14. Universal Beauty also attends various industry events such as tradeshows, exhibitions, and conventions where it showcases its products, reviews other industry participants, and secures contracts with other vendors.

15. On information and belief, Defendants sell a line of products under the BRAIDMASTERS brand name that compete with Universal Beauty's products that are sold under the JML Marks.

16. At a recent industry event in Niles, Illinois, Universal Beauty discovered that Defendants were using the JML Marks to advertise and sell their competing products under the BRAIDMASTERS line of products.

17. At the event, Defendants were handing out samples of their BRAIDMASTERS line of products. One such sample is shown below:



18. As shown in the image above, the sample being distributed by Defendants at the event include the statement: "Braidmasters is formulated by the creators of the *Jamaican Mango & Lime brand and is Salon-Tested and Certified. We have developed the next generation of FIRM HOLD Braid and Loc Gels/Maintenance Products that are revolutionizing the braiding industry. Braidmasters™ is the Professional Braider's choice."

19. A close-up of the product shown above and the statement quoted above is provided below:

20. As shown above, Defendants are using the exact wordmark "Jamaican Mango & Lime" to advertise their competing BRAIDMASTERS line of products.

4

21. The E-Z Grip Braid and Loc Gel shown in the images above competes directly with various products sold by Universal Beauty under the JML Marks including at least the following braid locking gels:

 

22. Defendants are also infringing the JML Marks in product descriptions provided with product listings for various online retailers, including some of the same online retailers used by Universal Beauty.

23. For example, Defendants' product listing for its BRAIDMASTERS E-Z Grip Braid and Loc Gel at Walmart.com includes the following statement:

> The Next Generation of Firm Hold Gels: Breidmasters is formulated by the creators of the (Jamaican Mango & Lime is the intellectual property of Universal Beauty Products and is no way affiliated with Braidmasters). Jamaican mango & lime brand and is salon-tested and certified, we have developed the next generation of firm hold braid and loc gels/maintenance products that are revolutionizing the braiding industry. brand masters is the professional braider's choice. Delta. braidmasters.pro. Facebook. Twitter. Instagram. location. Snapchat. Please recycle empty containers. Made in America.

*See* Screenshot attached as Exhibit B (text copied exactly).

5

24. While Defendants appear to have attempted to use a disclaimer in the statement above, any attempted disclaimer is insufficient to avoid confusion stemming from the direct statement implying that Defendants are the original source of products under the JML Marks. Moreover, the typographical artifacts in the disclaimer make it wholly ineffective.

25. The product shown in Exhibit B competes directly with Universal Beauty's own products that are also sold on Walmart.com. *See* Screenshot attached as Exhibit C.

26. By passing off its products as those sold by the source of the Jamaican Mango & Lime product line, *i.e.*, as those of Universal Beauty, Defendants are trading upon the brand recognition, reputation, and goodwill associated with Universal Beauty and its products sold under the JML Marks.

27. Moreover, Defendants' use of the JML Marks constitutes counterfeiting because they are using the JML Marks to assert that their competing line of products sold under the BRAIDMASTERS mark are the next generation of the products sold under the JML Marks.

28. Defendants have used a spurious mark which is identical with, or substantially indistinguishable from, Universal Beauty's Registered Marks for JAMAICAN MANGO & LIME.

29. On information and belief, Defendants had actual knowledge of Universal Beauty's rights in the JML Marks before their acts of infringement.

30. Likewise, on September 15, 2023, Universal Beauty sent a cease and desist letter to Defendants demanding that they stop their acts of infringement, which likewise provided notice of Universal Beauty's rights in the JML Marks. The notice was received by The Goodness Group but was undeliverable to Braidmasters at the business address listed on its website (*i.e.*, www.braidmasters.pro) of 114 Bethea Rd, Ste 414, Fayetteville, GA 30214.

31. Defendants did not respond to Universal Beauty's September 15, 2023 letter.

**COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

32. Universal Beauty realleges and incorporates each of the allegations set forth in the foregoing paragraphs as if restated herein in their entirety.

33. Defendants have used an exact reproduction of Universal Beauty's registered JAMAICAN MANGO & LIME word mark and falsely associated their competing products with the brand recognition and goodwill associated with the JML Marks and Universal Beauty's registered trademarks.

34. Defendants' use of the registered JAMAICAN MANGO & LIME word mark in connection with the importing, advertising, offer for sale, and sale of their competing products was and is likely to confuse consumers, cause them to mistakenly purchase Defendants products thinking them to be Universal Beauty's products, and to otherwise deceive consumers.

35. On information and belief, Defendants' acts have been willful and are a deliberate attempt to trade on the success and reputation associated with Universal Beauty's products and the JML Marks.

36. As a direct and proximate result of Defendants' infringement of the registered JML Marks, Universal Beauty has suffered irreparable harm for which there is no adequate remedy at law as well as monetary and other damages in an as-yet-undetermined amount.

**COUNT II: TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)**

37. Universal Beauty realleges and incorporates each of the allegations set forth in the foregoing paragraphs as if restated herein in their entirety.

38. Defendants have counterfeited and copied the registered JML Marks and applied that counterfeit mark to the packaging and advertisements for their competing products in connection with the sale of those competing products.

39. Defendants have used a spurious mark which is identical with, or substantially indistinguishable from, Universal Beauty's Registered Marks for JAMAICAN MANGO & LIME.

40. Defendants' use of the JML Marks has been and is likely to cause confusion among consumers, cause consumers to mistakenly purchase the competing products thinking they are purchasing Universal Beauty's products, and to otherwise deceive consumers.

41. By counterfeiting the registered JML Marks and associating their competing products with Universal Beauty's brand recognition and goodwill associated with the JML Marks, Defendants deceived consumers into believing that their competing products relate to or are sponsored by Universal Beauty and its products.

42. On information and belief, Defendants' acts of counterfeiting have been willful and deliberate.

43. As a direct and proximate result of Defendants' counterfeiting of the registered JML Marks, Universal Beauty has suffered irreparable harm for which there is no adequate remedy at law as well as monetary and other damages in an as-yet-undetermined amount.

**COUNT III: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

44. Universal Beauty realleges and incorporates each of the allegations set forth in the foregoing paragraphs as if restated herein in their entirety.

45. Defendants' acts described above, including falsely associating their competing products with the JML Marks and the products sold under the JML Marks, constitute unfair competition under the Lanham Act.

46. By passing off their products as the next generation of products sold under the Jamaican Mango & Lime line of products and by utilizing the JML Marks in advertising and marketing material to sell their counterfeit or competing products, Defendants have created a false

impression that their products are the genuine successor to the Jamaican Mango & Lime line of products and have a common origin. This false marketing scheme is likely to cause confusion, mistake, or deception within the relevant consuming public as to the source of the counterfeit or competing products.

47. On information and belief, Defendants' acts of unfair competition have been deliberate, intentional, and willful.

48. As a direct and proximate result of Defendants' unfair competition, Universal Beauty has suffered irreparable harm for which there is no adequate remedy at law as well as monetary and other damages in an as-yet-undetermined amount.

**COUNT IV: VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS 510/1 *et seq*)**

49. Universal Beauty realleges and incorporates each of the allegations set forth in the foregoing paragraphs as if restated herein in their entirety.

50. Through its use of the JML Marks and their statements that Defendants are the creators of the Jamaican Mango & Lime line of products, Defendants are violating the Uniform Deceptive Trade Practices Act by:

- Passing off their goods as those of Universal Beauty's

- Causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods

- Causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with or certification by Universal Beauty

- Representing that their goods have a sponsorship or approval that they do not have; and

- Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding.

*See* 815 ILCS 510/2(a)(1), (2), (3), (5), and (12)

51. Defendant's willful and deceptive actions have been and are influencing consumer's purchasing decisions.

52. As a result of Defendants' deceptive trade practices, Universal Beauty is suffering irreparable harm to the brand recognition and goodwill it has built with consumers through its own extensive marketing, advertising, and sale of its Jamaican Mango & Lime line of products, among other irreparable harm.

53. As a direct and proximate result of Defendants' unfair competition, Universal Beauty has suffered irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Universal Beauty Products, Inc., requests that this Court find in its favor and against Braidmasters and The Goodness Group, LLC, and grant Plaintiff the following relief:

A. That Judgment be entered that Defendants have infringed U.S. Trademark Registration No. 2,664,840;

B. That Judgment be entered that Defendants have infringed U.S. Trademark Registration No. 4,102,468;

C. That Judgement be entered that Defendants have counterfeited the U.S. Trademark Registration No. 2,664,840;

D. That Judgement be entered that Defendants have counterfeited the U.S. Trademark Registration No. 4,102,468;

E. That judgment be entered that Defendants have unfairly competed with Plaintiff under federal law;

F. A preliminary injunction to prevent the continued infringement, counterfeiting, and unfair competition by Defendants;

G. A final injunction enjoining future infringement, counterfeiting, and unfair competition by Defendants;

H. An award of statutory damages for use of a counterfeit mark of up to $2,000,000 against each Defendant on account of the willfulness of such counterfeiting or, in the alternative, damages equal to each Defendant's profits, actual damages suffered by Plaintiff, and the costs of this action;

I. That all non-statutory damages granted be enhanced in view of the willful nature of Defendants' violations up to an amount not greater than three times such damages;

J. That all non-statutory damages be trebled and Plaintiff be awarded its attorneys' fees on account of Defendants' intentional use of a counterfeit mark;

K. That the case be found exceptional under 15 U.S.C. § 1117;

L. That Plaintiff be awarded its attorneys' fees;

M. That Plaintiff be awarded costs and expenses in this action;

N. An award of prejudgment and post-judgment interest;

O. That Judgment be entered that Defendants have violated the Uniform Deceptive Trade Practices Act;

P. That an appropriate preliminary and permanent injunction be entered against Defendants for their violation of the Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510/3; and

Q. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 27, 2023                    Respectfully submitted,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, Universal Beauty Products, Inc.*